UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:14-CR-251-1 |
| | § | |
| SANDRA JOHNSON | § | |

## MEMORANDUM AND ORDER

Sandra Johnson pled guilty to conspiracy to launder funds, in violation of 18 U.S.C. § 1956(h). This Court sentenced her to an 87 month term of imprisonment, three years of supervised release, a $100 special assessment, and ordered her to pay $2,000,000.00 in restitution. *See* Judgment (Doc. # 179).

On October 16, 2017, this Court denied Johnson's motion to vacate, correct, or set aside her sentence with the exception of her claim that her trial counsel provided ineffective assistance by failing to file a notice of appeal. *See* Doc. # 223. On June 6, 2018, the Court held an evidentiary hearing on this claim. The parties subsequently submitted post-hearing briefs. Based on the hearing, the post-hearing briefs, the arguments and authorities submitted by the parties, and the controlling law, the Court is of the opinion that Johnson's remaining claim for relief should be denied.

**I.  Background**

Johnson was indicted on sixteen counts pertaining to her participation in a scheme to defraud Garden Ridge Pottery by staging accidents at Garden Ridge stores and collecting money for injuries claimed to result from the staged accidents. Johnson pled guilty to conspiracy to launder funds.

## II. Applicable Legal Standards

Johnson brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A movant may obtain relief by showing

> that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C.A. § 2255(a).

## III. Analysis

Johnson contends that counsel rendered ineffective assistance by failing to advise her of her right to appeal, and by failing to follow her directions to file a notice of appeal. Both claims are addressed below.

### A. Following Johnson's Directions

Johnson claims that she requested, immediately after sentencing, that her attorney, Gerardo Montalvo, file a notice of appeal. Doc. # 216, at 28. At the evidentiary hearing, Montalvo testified that she never made such a request. He further testified that he would have filed a notice of appeal had she asked him to do so. Doc. # 258, at 47. He testified that he does not do appellate work, and that it is his practice to file a notice of appeal if the client asks him to, and then withdraw from the case. He observed that preparing and filing a notice of appeal and a motion to withdraw only takes 15 or 20 minutes. *Id.* at 40-42.

Johnson testified that she told counsel to file a notice of appeal, but that he told her that she already made the trial judge angry by committing a crime after he gave her a lenient sentence on a previous charge, and that she would "end up with 20 years" if she appealed. *Id.*, at 7. She

also testified that she thought counsel did not file the notice because Johnson ran out of money and "couldn't pay him anymore." *Id.*, at 20.

The Court finds Montalvo's testimony credible, and finds that Johnson's testimony is not credible. Mr. Montalvo is an experienced criminal defense attorney. He testified to his regular practice regarding filing notices of appeal and noted, correctly, that filing a notice of appeal is a ministerial task that takes little time or effort. There is simply no good reason why he would not have filed a notice of appeal had Johnson asked him to do so.

Johnson's testimony, in contrast, is not credible. She claims that Montalvo told her that she would "get 20 years," but alleges that this conversation happened after she was sentenced. She further speculates that Montalvo refused to file the notice because she was unable to pay him, but Montalvo was appointed counsel and was paid by the Court. *Id.,* at 41, 47-48. Based on the relative credibility of the witnesses, the Court finds that Johnson did not ask Montalvo to file a notice of appeal.

### B. Informing Johnson of Her Right to Appeal

Counsel have no uniform obligation to discuss appeals with a convicted client. Rather,

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. See id., at 690, 104 S.Ct. 2052 (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received

> the sentence bargained for as part of the plea and whether the plea
> expressly reserved or waived some or all appeal rights.

*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

Johnson pled guilty. While she did not waive her appellate rights, "a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.*

Johnson observes that Montalvo filed an objection to the presentence report's assignment of a leadership role to Johnson. Based on this objection, Johnson argues that she had a non-frivolous claim to raise on appeal, requiring Montalvo under *Roe* to advise her of her right to appeal. She also contends that Montalvo's failure to do so diverged from the requirements of the American Bar Association Standards for Criminal Justice, and the United States District Court for the Southern District of Texas' Criminal Justice Act Plan. The Supreme Court has noted that "prevailing norms of practice as reflected in American Bar Association standards and the like are only guides." *Id.*, at 479 (internal quotation marks, ellipsis, and citation omitted). Instead, "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." *Id.*

On the facts and circumstances of this case, the Court finds that Montalvo did not err by failing to advise Johnson of her right to appeal. While Johnson did not waive her right to appeal, she pled guilty, received a presumptively reasonable within-guidelines sentence, and previously indicated to counsel that she "had resigned herself to face the music" by pleading guilty. Doc. # 258, at 45. Johnson acknowledged that she wished to take full responsibility for her actions, and pled guilty knowing that she faced up to 20 years in prison, *id.*, at 14, substantially more than the 87 months she received. She stated at her sentencing that she was prepared to "accept the

punishment that you give me." Doc. # 240, at 19. Based on all of these circumstances, the Court concludes that Montalvo did not have reason to think that Johnson would wish to appeal.

## IV. Conclusion

For the foregoing reasons, Johnson's claim that counsel rendered ineffective assistance by failing to advise her of her right to appeal, or by failing to file a notice of appeal, are without merit. Her motion is therefore denied.

## V. Certificate of Appealability

Johnson has not requested a certificate of appealability ("COA"), but this court may determine whether she is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court[]s to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A certificate may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

Reasonable jurists could disagree whether Johnson's counsel was ineffective by failing to advise her of her right to appeal. A COA is granted on that issue.

For the reasons stated in this Memorandum and Order and the Memorandum and Order dated October 16, 2017 (Doc. # 223), Johnson has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), with regard to any other issue. She is not entitled to a certificate of appealability on those issues.

## VI. **Conclusion And Order**

For the foregoing reasons, it is ORDERED as follows:

1. Johnson's motion to vacate, set aside, or correct sentence (Doc. # 202) is DENIED; and

2. A certificate of appealability shall issue only as to Johnson's claim that counsel rendered ineffective assistance by not advising her of her right to appeal.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

It is so ORDERED.

SIGNED on this 16th day of October, 2018.

                                              Kenneth M. Hoyt
                                              United States District Judge